# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ROY R. SLAVIN, )
 )
       Petitioner, )
 )
vs. ) Case No. 11-1092-CV-W-DGK-P
 )
JEAN ANN JOHNSON, )
 )
       Respondent.

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS

Petitioner, a convicted state prisoner currently confined at the Western Missouri Correctional Center in Cameron, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 conviction and sentence for receiving stolen property, which was entered in the Circuit Court of Buchanan County, Missouri. Petitioner's conviction was affirmed on direct appeal (Respondent's Exhibit F), and the denial of his motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was upheld on appeal thereof (Respondent's Exhibit K). Petitioner raises five (5) grounds for relief. Respondent contends that Grounds 1 and 5 are without merit and that Grounds 2-4 are procedurally defaulted.

## FACTUAL BACKGROUND

In affirming petitioner's conviction and sentence, the Missouri Court of Appeals, Western District, set forth the following facts:

> In the early morning hours of February 2, 2007, a burglary occurred at McBride Boats & Motors in St. Joseph, Missouri. Two dirt bikes and a four wheeler were taken from a locked shed in a locked compound.
>
> Three days later, on February 5, Officer Mike Wilkerson, with the Buchanan County Drug Strike Force, received a confidential tip about two men riding the stolen dirt bikes at Lot 66 of Lakeview Estates. The tipster described one of the

suspects as a white male in his thirties wearing brown overalls and the other as a white male in his twenties wearing a blue coat or shirt.

Several officers went to the scene and saw two men, who matched the description given by the informant, exiting a trailer located on the property. The men were later identified as Roy Slavin and Charles Farthing, both of whom lived in the trailer park known as Lakeview Estates. During a pat down, a small pocketknife and a Yamaha key were recovered from Slavin's overall pocket.

The front door to the trailer was hanging open by the bottom hinges, providing a view to the interior of the trailer. Officer Wilkerson observed two new dirt bikes inside. He secured a search warrant, entered the trailer, and secured the bikes. An investigation confirmed that the two bikes were stolen from McBride Boat and Motor. Wilkerson also determined that the Yamaha key, recovered from Slavin, fit into one of the stolen dirt bikes.

Slavin was charged with receiving stolen property, a violation of Section 570.080, RSMo 2000. At the jury trial, defense counsel made hearsay objections to Wilkerson's testimony about the information received from the confidential informant, including a description of the two men. The court overruled the objections and admitted the testimony solely for the purpose of explaining the subsequent actions of the police officers. The court instructed the jury regarding the limited purpose of the evidence.

Slavin testified in his own defense. He denied stealing the dirt bikes and said that he went to the trailer that day because Farthing offered to sell him a motorcycle. Once he saw the new bikes, he knew they were stolen because Farthing could not have afforded them. He testified he was in the trailer no more than thirty seconds when he left and was stopped by an officer. Slavin denied that the keys seized by the police were his or that he ever even had possession of them.

The jury returned a guilty verdict, and the court sentenced Slavin as a prior and persistent offender to eleven years in prison.

Respondent's Exhibit F, pp. 2-3.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to

2

establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND 1**

In Ground 1, petitioner asserts a claim of ineffective assistance of trial counsel in that counsel failed to request a jury instruction as to the lesser included offense of attempted receipt of stolen property. Doc. No. 1, p. 5. Petitioner argues that there was a basis for acquitting him of the offense of receiving stolen property and convicting him on attempt and that, therefore, he was prejudiced by his counsel's failure to request the instruction on the lesser offense. Id. The Missouri Court of Appeals, Western District, denied Ground One as follows:

> "Our review of the motion court's denial of a Rule 29.15 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous." Stiers v. State, 229 S.W.3d 257, 260 (Mo. App. W.D. 2007) (citing Rule 29.15(k)). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." Storey v. State, 175 S.W.2d 116, 125 (Mo. banc 2005) (internal quotation omitted).

> "To prevail on an ineffective assistance of counsel claim, [Appellant] must show that (1) trial counsel's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) the deficient performance prejudiced [Appellant]." State v. Rich, 950 S.W.2d 337, 339 (Mo. App. W.D. 1997) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.E.2d 674 (1984)). "To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness." Storey, 175 S.W.3d at 125 (internal quotation omitted). "As to prejudice, a claimant must

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

Case 4:11-cv-01092-DGK   Document 13   Filed 03/06/12   Page 3 of 14

demonstrate prejudice by showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." James, 222 S.W.3d at 304 (internal quotation omitted). "Appellant must establish both the performance and prejudice prongs of this test in order to prevail on a claim of ineffective assistance, and if he fails to satisfy either prong, we need not consider the other." Id.

"To establish a claim of ineffective assistance of counsel for failure to request a lesser included offense instruction, a movant must show that the evidence would have required submission of a lesser included offense instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that the movant was thereby prejudiced." Jackson v. State, 205 S.W.3d 282, 285 (Mo. App. E.D. 2006).

In denying Appellant's motion, the motion court found that the submission of the lesser-included offense instruction would have been inconsistent with Appellant's defenses that he did not know the dirt bikes were stolen and did not have possession of a key. The court concluded that counsel could not be deemed ineffective for choosing not to offer the jury "a middle ground for conviction." In short, the motion court found that the decision not to submit the lesser-included offense instruction was a matter of reasonable trial strategy.

Neither Appellant's point relied on nor the argument in support thereof explicitly challenge the motion court's finding that counsel's failure to submit the lesser-included offense instruction was the product of reasonable trial strategy. For the most part, Appellant's argument seems to assume that the failure to submit any lesser-included offense instruction that could be supported by the evidence is unreasonable and ineffective.

Contrary to the position taken by Appellant, "[a]n objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel." Id. "[C]ounsel cannot be convicted of being ineffective for seeking to employ the best defense for [his or] her client by not offering the jury a middle ground for conviction." Id. at 286.

When examining whether counsel's actions were objectively reasonable, we start with a presumption "that counsel acted professionally in making decisions and that any challenged action was part of counsel's reasonable trial strategy." Brock v. State, 242 S.W.3d 430, 433 (Mo. App. W.D. 2007). A post-conviction movant bears the burden of overcoming this presumption. Jackson, 205 S.W.3d at 285. "'We presume counsel to be competent, requiring proof to the contrary by a preponderance of the evidence.'" Stiers, 229 S.W.3d at 260 (quoting State v. Taylor, 929 S.W.2d 209, 224 (Mo. banc 1996)).

> While, as noted in passing in Appellant's argument, counsel testified at the evidentiary hearing that he could not remember why he chose not to submit the lesser-included offense instruction in this case, that testimony alone does not overcome the presumption that the decision was based on a reasonable trial strategy. See Rickey v. State, 52 S.W.3d 591, 596 (Mo. App. W.D. 2001) (noting that counsel's 'inability to remember why he took a specific course of action during trial does not establish lack of competent performance'). Morever, counsel testified that he was certain that he had thought about whether to offer such an instruction because he always considers the possibility of submitting lesser-included offense instructions. Counsel also testified about the double-edged nature of submitting lesser-included offense instructions and the opportunity such instructions provided to the jury to reach a compromise verdict.
>
> In short, on the record before us, the motion court did not clearly err in finding that Appellant failed to prove that counsel's decision not submit the lesser-included offense instruction was anything other than reasonable trial strategy. Point denied.

Respondent's Exhibit K, pp. 3-6.

In Strickland, the Court held that, in order for petitioner successfully to assert a claim for ineffective assistance of trial counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland 466 U.S. at 687-88. This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. To satisfy the

5

prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

The Missouri Court of Appeals, Western District, found that petitioner failed to rebut the presumption that counsel's failure to submit the lesser included offense instruction was based on reasonable trial strategy, because the lesser included offense would have been inconsistent with petitioner's defense that he did not know the bikes were stolen. Respondent's Exhibit K, pp. 3-6. Because the state court's determinations were not based upon "unreasonable determination[s] of the facts in light of the evidence" or misapplications of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), Ground 1, will be denied.

## **GROUNDS 2-4**

In Ground 2, petitioner asserts a claim of ineffective assistance of trial counsel in that counsel failed to call witnesses to testify that petitioner had only " minimal contact with one motorcycle and had not done anything that could be construed as retaining the motorcycle." Doc. No. 1, p. 7. In Ground 3, petitioner asserts another claim of ineffective assistance of trial counsel in that counsel "did not demonstrate the customary skills and diligence that a reasonably competent attorney would display." Doc. No. 1, p. 8. In Ground 4, petitioner contends that the evidence was insufficient to support the offense as instructed to the jury in that there was no chain of custody "over petitioner's property" and that "proof that the key was on the petitioner was not provided." Doc. No. 1, p. 10.

Respondent argues that petitioner procedurally defaulted Grounds2-4 in that Ground 2 was not asserted on appeal from the denial of petitioner's amended post-conviction motion, Ground 3

6

Case 4:11-cv-01092-DGK   Document 13   Filed 03/06/12   Page 6 of 14

was not included in plaintiff's amended post-conviction motion or on the appeal from the denial thereof, and Ground 4 was not asserted on direct appeal, in petitioner's amended post-conviction motion, or on appeal from the denial thereof. Doc. No. 8, pp. 14, 21, and 26. In response, petitioner contends in a conclusory fashion that all of his claims were exhausted and states that "all claims came from A-K Exhibits." Doc. No. 12, p. 1.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

Despite petitioner's contention that he exhausted all of his claims, Grounds 2, 3, and 4 were not asserted on appeal of the denial of petitioner's post-conviction motion. Respondent's Exhibit I. Furthermore, Grounds 3 and 4 were not included in petitioner's amended post-conviction motion, and Ground 4 was not asserted on direct appeal. Respondent's Exhibits C, D. As a result, Grounds 2-4 are procedurally defaulted. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997)(recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Because petitioner argues that he has exhausted his claims, petitioner has failed to argue

7

cause for procedurally defaulting Grounds 2-4.  If petitioner contends that ineffective assistance of direct appeal or post-conviction counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  Moreover, ineffective assistance of post-conviction counsel or post-conviction appellate counsel cannot constitute cause for petitioner's default.  See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997); see also Christenson v. Ault, 598 F.3d 990, 995-96 (8th Cir. 2010) ("there is no federal constitutional right to the effective assistance of post-conviction counsel") (citation omitted).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered.  See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006).  As a result, Grounds 2, 3, and 4 are procedurally defaulted and will be denied.

## GROUND 5

Although Ground 5 is not asserted explicitly by petitioner in the body of his petition, respondent construes petitioner's attachments as asserting a claim of trial error in that the trial court allegedly allowed hearsay evidence from a confidential informant in violation of the Confrontation Clause.  Doc. No. 1-1, pp. 2-4; Doc. No. 8, p. 35.  Petitioner's response confirms that he intends to advance a claim of trial error based on impermissible hearsay evidence, and respondent admits this claim was exhausted in the state courts.  Doc. No. 12, p. 2; Doc. No. 8, p. 35.

8

The Missouri Court of Appeals, Western District, denied Ground 5 as follows:

> In his sole point on appeal, Slavin contends the circuit court erred in admitting Officer Wilkerson's hearing testimony about the information received from the confidential tipster. Because the trial court has broad discretion to admit or exclude evidence, we can only reverse this evidentiary ruling upon a clear showing of abuse of discretion. State v. Homquest, 243 S.W.3d 444, 449 (Mo. App. 2007).
>
> Slavin's hearsay objection related to the following colloquy at trial:
>
> > Prosecutor: Specifically, tell the jury what the confidential informant told you.
> >
> > Wilkerson: The confidential informant - -
> >
> > Defense Counsel: Objection. Hearsay, Your Honor.
> >
> > The Court: All right. I will allow it, not for the truth of the matter, but simply to show the subsequent action.
> >
> > Defense Counsel: Would you instruct the jury.
> >
> > The Court: This is a hearsay situation, ladies and gentlemen, and the testimony the officer is about to give you is to be considered by you as to indicate why he took the actions that he took, not that there is any truth necessarily to associate with the statement.
> >
> > Wilkerson: I received a phone call from the confidential informant who stated to me that there were two subjects down at the horseshoe - - down by the lake that were currently riding two motorcycles that were stolen from McBride's dealership. The confidential informant gave descriptions of both of these subjects and stated that one of them was a white male in his late 30's wearing brown coveralls - -
> >
> > Defense Counsel: Objection, Your Honor. May we approach? I'm sorry
> >
> > The Court: Sure
> >
> > (Counsel approached the bench and the following

9

proceedings were had):

Defense Counsel: The descriptions I'm going to object to specifically because I believe that their testimony is going to be that these individuals matched that description, so it would be used for the truth of the matter stated that that information was reliable and then used in their investigation. Your Honor.

Prosecutor: Judge, I believe that - - he has a right to advise the jury what the call was to explain his actions, to explain why he did confront the two individuals that he did.

The Court: All right. I'm going to allow it. This has already been explained to the jury so that objection is overruled.

(The proceedings returned to open court.)

Prosecutor: You were telling the jury about the descriptions.

Wilkerson: Yes. The confidential informant gave one description as being a white male in his 30's wearing brown coveralls and the other being another white male in his early 20's wearing a blue coat, I believe, or a blue shirt. And he gave a specific location where they were at.

. . . .

Prosecutor: When you proceeded on the east side of the trailer that's shown in that photograph, did you see any individuals matching the descriptions the confidential informant had given you?

Wilkerson: Yes, I saw two men - - when I initially got there, I went around the east side of the trailer and came back up to a fence that's on the north side of the trailer in the back that's on Exhibit No. 2. I did not locate anybody behind the trailer.

As I came around the trailer, this fence that's located in Exhibit 2, I looked back to the south at which time

10

> I observed two subjects that were - - appeared to be coming out of the trailer. I didn't see them come out of the trailer, but they were next to the steps on the trailer. They matched the descriptions given to me by the confidential informant as far as them being a white male, late 30's wearing brown coveralls - -

> Defense Counsel: Again, objection. Hearsay, Your Honor.

> The Court: Overruled.

Slavin contends Officer Wilkerson's testimony was inadmissible hearsay that was offered to prove the truth of the matters asserted and not to show subsequent conduct by the police. He asserts he was prejudiced by this testimony because his entire trial defense was that he did not know the trailer contained stolen property until moments before the police arrived. Wilkerson's testimony about the confidential informant's statement was damaging to Slavin's defense because it put him at the scene riding the stolen bikes earlier in the day. Slavin argues it was the only testimony that allowed the jury to find that he had "received" stolen property.

Hearsay statements are out of court statements used to show the truth of the matter asserted and are typically inadmissible. State v. Robinson, 111 S.W.3d 510, 513 (Mo. App. 2003). Such statements are objectionable because the person providing the information is not under oath and available for cross-examination. Id. However, when the statements are offered to explain subsequent conduct of the police and provide background and continuity, they are not considered hearsay and are admissible. Id. They are also admissible for non-hearsay purposes when they show why an investigation focused on a particular individual. State v. Howard, 913 S.W.2d 68, 70 (Mo. App. 1995). As noted, we review such questions for prejudice and not mere error, and will reverse only if the error was so prejudicial that it deprived Slavin of a fair trial. Robinson, 111 S.W.3d at 513.

Here, the record is clear that Wilkerson's testimony was admitted solely for the purpose of explaining why the officer approached the two men exiting the trailer. The court's limiting instruction avoided any potential confusion for the jury. The court specifically explained that the evidence was not to be considered "for the truth of the matter, but simply to show the subsequent action" of Officer Wilkerson.

The limiting instruction and the facts differentiate this case from those cited in Slavin's brief on appeal. . . . .

In the instant case, however, not only was a limiting instruction given, there was other evidence that connected Slavin with the crime, principally his possession of keys to one of the dirt bikes. Without the informant's information, the jury was

11

still in a position to infer that Slavin had more than a thirty second connection with
the dirt bikes.

Slavin bears the burden of proving that a reasonable probability exists that
the jury's verdict would have been different but for such improperly admitted
evidence. State v. Rose, 86 S.W.3d 90, 102 (Mo. App. 2002). Improper evidence
that is cumulative of other properly admitted evidence is not prejudicial unless it is
outcome determinative. State v. Bell, 62 S.W.3d 84, 92 (Mo. App. 2001). Slavin
has failed to demonstrate the requisite prejudice required to reverse the jury's
determination of guilt. See, e.g. Howard, 913 S.W.2d at 70. Point denied.

Respondent's Exhibit F, pp. 3-8.

State trial courts are afforded wide discretion with evidentiary rulings. "Questions regarding admissibility of evidence are matters of state law, and they are reviewed in federal habeas inquiries only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process." Rousan v. Roper, 436 F.3d 951, 958 (8th Cir. 2006) (citation and internal quotations omitted), cert. denied, 549 U.S. 835 (2006); see also Bell-Bey v. Roper, 499 F.3d 752, 759 (8th Cir. 2007), cert. denied, 128 S. Ct. 2426 (2008).

"The exclusion [or admission] of [evidence] based on state evidentiary rules results in the denial of due process only if there was an impropriety so egregious that it made the entire proceeding fundamentally unfair." Skillicorn v. Luebbers, 475 F.3d 965, 972 (8th Cir. 2007) (citation omitted), cert. denied sub nom. Skillicorn v. Roper, 552 U.S. 923 (2007). "To meet this burden, a habeas petitioner must show that 'absent the alleged impropriety the verdict probably would have been different.'" Id. (quoting Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995) (rehearing denied)).

Petitioner fails to meet this standard. Officer Wilkerson's testimony of the confidential informant's statements was not admitted to establish that the confidential informant's statements were true. Instead, the comments explained why Officer Wilkerson investigated the individuals

12

exiting the trailer, and the judge issued a limiting instruction to clarify this distinction to the jury. Furthermore, even if the statements were excluded, the outcome of the case likely would not have been different due to petitioner being in possession of one of the stolen bike keys. Consequently, the record does not evince that the alleged errors were "so conspicuously bad that [they] fatally infected the trial and rendered it fundamentally unfair." Troupe v. Groose, 72 F.3d 75, 76 (8th Cir. 1995) (citing Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995)).

The Missouri Court of Appeals, Western District, found that (1) Officer Wilkerson's testimony was not inadmissible hearsay, (2) the limiting instruction by the judge reduced any confusion to the jury, and (3) had the statements been excluded, the jury was still in a position to assume that petitioner had more than a thirty second connection with the dirt bikes. Respondent's Exhibit F, pp. 3-8. Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), Ground 5 will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

13

(3) this case is dismissed with prejudice.

          /s/ Greg Kays
GREG KAYS
United States District Judge

Kansas City, Missouri,

Dated: March 6, 2012.